ESTATE OF DALE R. A. CADY, DECEASED, RICHARD A. CADY, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Cady v. Commissioner
Docket No. 27103-87
United States Tax Court
T.C. Memo 1990-476; 1990 Tax Ct. Memo LEXIS 516; 60 T.C.M. (CCH) 685; T.C.M. (RIA) 90476; August 30, 1990, Filed *516 Decision will be entered under Rule 155. Richard A. Cady, pro se. Steven R. Guest, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 58,223.27 in Dale R. A. Cady's Federal income tax for 1983. Respondent also determined additons to tax of $ 2,911.17 under section 6653(a)(1); 50 percent of the interest due on $ 58,223.27 under section 6653(a)(2); and $ 14,555.82 under section 6661(a). Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for 1983. After concessions, the *517 issues for decision are whether certain bank deposits constituted income to Dale R. A. Cady, whether he was entitled to various business expenses claimed on Schedule C of his return, and whether he was liable for self-employment tax and additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, Dale R. A. Cady (decedent) resided in the Bahamas. Decedent was killed in an airplane crash in the Bahamas on June 27, 1988, and his father, Richard A. Cady (petitioner), was appointed executor of decedent's estate. From 1979 through his death in 1988, decedent was a resident of the Bahamas. His family, including his former wife, child, and parents, resided in the United States. He was engaged in a number of income-producing activities, including promoting tourism and writing a book entitled "The Bahama Pilot's Aviation Guide." He received income from sales of the book, from advertising in the book, and from a travel agency operated by his former wife. Decedent may also have received income from other sources; the details about the *518 amount and nature of that other income were not known to petitioner. Decedent's tax returns were prepared by petitioner. Petitioner decided what deductions were to be taken, but petitioner did not have complete information about decedent's income. A Schedule C attached to decedent's 1983 return reported gross receipts of $ 93,915.67; cost of goods sold of $ 8,392.44; and expenses of $ 118,689.07, including depreciation of $ 19,900 on an airplane acquired in November 1982, aircraft repair and fuel of $ 41,478.61, and travel and entertainment expense of $ 34,840.56. On decedent's 1983 return, $ 6,282.59 was deducted as 58 percent of a loss from a subchapter S corporation known as Cady Development Co., Inc. Petitioner was the sole shareholder of that subchapter S corporation in 1983. Petitioner handled an audit of decedent's tax returns for 1982 and 1983, along with an audit of petitioner's tax returns for 1982 and 1983. Petitioner's individual income tax liabilities for 1982 (docket No. 21327-86) and 1983 (docket No. 9956-87) were the subject of two Tax Court proceedings tried prior to the trial of this case. Respondent determined that $ 42,794.96 deposited in decedent's *519 bank account constituted unreported income. That total was comprised of 26 separate deposits, ranging from $ 48 to $ 6,953.90, which were recorded in decedent's records as loans or other nonincome items. Respondent also disallowed all of the amounts claimed as cost of goods sold and business expenses on Schedule C and the claimed subchapter S loss. OPINION Petitioner bears the burden of proving that respondent's determinations are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. That burden is particularly clear with respect to disallowed deductions. New ColonialIce Co. v. Helvering, 292 U.S. 435 (1934); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. Bank deposits are prima facie evidence of income, and petitioner must show that the funds deposited were not received from a taxable source. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner contends that all of decedent's records were lost in the plane crash in which his son was killed. He asks us to take judicial notice of a prior case, involving his individual income tax liability for 1982, *520 tried before his son's death. Petitioner did not advise us of a case tried earlier in the same month as this case and involving his individual tax liability for 1983. See Cady v. Commissioner, T.C. Memo. 1990-260, and T.C. Memo. 1990-474. Although, as a result of his prior experience in this Court, petitioner was well aware of the Court's rules, procedures, and requirements of the Standing Pre-Trial Order and the importance of substantiating documents, he did not present any documentary evidence to respondent until the day of trial. He admitted that he had not contacted third parties to secure copies of missing records or even brought with him all of decedent's available records. The minimal records that petitioner belatedly tendered to respondent and to the Court are inadequate to prove decedent's entitlement to deductions. They did include, however, a copy of a promissory note form dated January 14, 1983, that refers to a $ 20,000 cash gift from petitioner to his son. Respondent was offered an opportunity to move to reopen the record to show that the document was not genuine. Respondent has not done so. We are persuaded from petitioner's testimony, *521 therefore, that deposits into decedent's bank account in 1983 included nontaxable loans or gifts from petitioner totaling $ 20,000. Petitioner has not, however, established that any amounts beyond $ 20,000 were not taxable income, and his testimony admits lack of knowledge of the total income received by decedent. Petitioner has not established by evidence in this case the cost or adjusted basis of the airplane for depreciation purposes. It appears from the record in the case involving petitioner's personal liability for 1982, however, that the plane was purchased by Cady Co., a corporation, and not by decedent, and that Cady Co. was "inactive" or not in business in 1983. See T.C. Memo. 1990-474. We cannot reconcile petitioner's claim with the evidence and findings in that case, and depreciation on the airplane cannot be allowed. Petitioner has not substantiated the claimed travel and entertainment expenses as required by section 274. The claimed loss of records does not relieve him of this obligation. See Malinowski v. Commissioner, 71 T.C. 1120, 1124-1125 (1979); Cady v. Commissioner, T.C. Memo. 1990-260. Petitioner conceded that he had *522 not made any allocation of travel expenses to personal travel nondeductible under section 262, and we cannot accept his testimony that decedent traveled to the United States, where his family resided, only for business. It is apparent, however, that decedent could not have earned the income reported on his tax return and the additional amounts determined by respondent without incurring some expenses. On consideration of the entire record, we conclude that decedent was entitled to deduct other business expenses in the amount of $ 12,000. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We have taken judicial notice of the proceedings in relation to petitioner's individual income taxes for 1982 and 1983. The records in those cases contradict claims made by petitioner here. Based on that examination, we conclude that his unsupported testimony cannot satisfy his burden of proof of expenses in this case beyond the amounts indicated above. The evidence establishes that decedent was liable for self-employment tax as determined by respondent. The petition and petitioner's trial memorandum admitted that the deduction of subchapter S losses from Cady Development *523 Co., Inc., was incorrect, apparently because petitioner was the sole owner of that corporation in 1983. The evidence establishes that improper deductions were taken on the return, and petitioner has not shown that such deductions were not due to negligence. The additions to tax for negligence and for substantial understatement of tax must be sustained. Decision will be entered under Rule 155.